Bruce **WHITLEY**

v.

**STATE OF NORTH CAROLINA,**
Hugh Logan—Odom.
Civ. No. 1689.

United States District Court
E. D. North Carolina,
Raleigh Division.
July 10, 1965.

Bruce Whitley, pro se.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a petition for writ of habeas corpus, filed in forma pauperis, by a State prisoner, in the manner authorized by the provisions of Title 28 U.S.C.A. § 2254. Issues were joined upon respondent's making answer and motion to dismiss.

In the original petition filed on March 29, 1965, the following allegations in support of petitioner's claim of a denial of Federal Constitutional rights were made:

(1) "Double Jeopardy."

(2) "Inadequate representation by counsel."

(3) "Prejudice on part of Court."

Petitioner also states in an addendum to the petition:

"* * * the Honorable Joseph Parker was prejudiced toward petitioner in that he did state in open Court that if Petitioner had entered a plea of not guilty and had been found guilty by a jury, his Honor would have given Petitioner at least double his original sentence. That Petitioner had already been informed by the Sheriff of Nash County of the Court's intention and that Petitioner was forced to enter a plea of guilty."

In a further addendum to the petition, it is asserted:

"* * * that the Honorable William Copeland did violate his rights by changing a Petition for Habeas Corpus into a Post-Conviction hearing, without the consent of this Petitioner, and thereby forced a new trial upon this Petitioner, when in his Habeas Corpus Petition he had asked for and was entitled to his freedom."

On May 5, 1965, this Court received a document in the form of a letter from petitioner. Upon examination of this document the Court elected to treat it as an amendment to the petition for writ of habeas corpus. The following is alleged therein:

(1) "There are no warrants in my case and the bills of indictments are faulty * * *."

(2) "I was tried twice on the same bills of indictments."

(3) "I have never at any time had nor have I waived a preliminary hearing."

(4) Petitioner also states that he was represented at the trial (about which he is now complaining) by the same attorney who permitted the Superior Court of Nash County, North Carolina, to change his petition for writ of habeas corpus to petition for post-conviction hearing. He contends this attorney inadequately represented him in allowing this to be done because the attorney obtained a new trial for him rather than his outright freedom.

## FINDINGS OF FACT

The petitioner is presently incarcerated under sentences imposed upon his plea of guilty entered in the new trial granted him as a result of a post-conviction hearing.

He was originally convicted at the October 1961 Term of the Superior Court of Nash County. At his original trial, petitioner asked for the assistance of legal counsel but his request was denied. He later attacked the judgment rendered in that first trial by means of a petition for a writ of habeas corpus. This petition for writ of habeas corpus was changed to a petition for a post-conviction hearing, and the hearing was granted. Counsel was appointed to represent petitioner at the hearing, and at the January 1964 Term of the Superior Court of Nash County, the judgment of the original trial was vacated and petitioner was awarded a new trial.

The petitioner was then tried at the February 1964 Term of the Superior Court of Nash County, and was sentenced to a period of incarceration in the State Prison System upon a plea of guilty, this plea being entered with the advice and consent of counsel.

It is this later trial held at the February 1964 Term that petitioner now attacks by means of the writ which is before this Court.

The petition, record and response all indicate that petitioner has made no attempt to present all the questions here raised, including the question of a coerced plea of guilty, by means of post-conviction hearing, appeal or petition for writ of certiorari, to the Supreme Court of North Carolina.

## CONCLUSIONS OF LAW

The petitioner has failed to comply with the provisions of Title 28 U.S.C.A. § 2254 which states:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Petitioner has not presented these contentions before any court of the State of North Carolina although there is available means for doing so. See Fay v. Noia, 372 U.S. 391, 415–422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

## ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby allowed.